LEWELLEN & BEATTY, Respondents, v. JOSEPH A. PATTON, Appellant.

St. Louis Court of Appeals, February 1, 1898.

Issue: CONFLICT OF EVIDENCE: ONUS: JURY QUESTION. There was a conflict of evidence in this case, and the burden being on plaintiffs to prove their case, the court erred in refusing to submit the issue of fact to the jury.

*Appeal from the Louisiana Court of Common Pleas.*
HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*D. A. Ball* for appellant.

The only question presented in this case is whether or not, under the testimony, the cause should have been submitted to the jury. *Dunn v. R'y*, 21 Mo. App. 188; 81 Mo. 434, and citations.

*Sam Sparrow* for respondents:

When there is no substantial evidence in support of a defense, it is proper to instruct for a verdict in favor of plaintiff. *Brewery Co. v. Schoenlau*, 32 Mo. App. 357.

The instruction of the court directing a verdict for plaintiffs should be treated as a demurrer to defendant's evidence, and whether the showing made by defendant, with every reasonable inference therefrom, had a tendency to support the issues on his behalf, was a question for the court. *Carroll v. Transit Co.*, 107 Mo. 653.

In order to hold one liable on the ground that he has held himself out, or been held out, as a partner,

only two things must concur: the alleged act of hold-
ing out must have been done by him, or with his
consent, and it must have been known to the person
seeking to avail himself of it. *Haheo v. Mayer*, 102
Mo. 93.

BOND, J.—This action is upon an account against
defendant as a member of the firm of Patton & Cheat-
wood. It was begun before a justice and after trial
and judgment appealed to the circuit court, where the
court, after hearing the evidence, gave a peremptory
instruction to find for the plaintiffs. The only issue
presented was as to the fact of copartnership.

Plaintiffs gave much evidence tending to prove
the affirmative of this issue. Defendant, however,
testifying for himself denied the fact of copartnership
or that he ever held himself out as occupying such a
relation to Cheatwood. This presented a conflict in
the evidence, and the burden being upon plaintiffs to
prove their case the court should have submitted the
issue of fact to the jury. For its refusal so to do, the
judgment will be reversed and the cause remanded.
All concur.